## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## EASTERN DIVISION

| | | |
|---|---|---|
| William Randall Collins, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, SET ASIDE, OR** |
| vs. | ) | **CORRECT SENTENCE** |
| | ) | |
| United States of America, | ) | Case No. 3:19-cv-24 |
| | ) | |
| Respondent. | ) | |

_____

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:09-cr-85-02 |
| | ) | |
| William Randall Collins, | ) | |
| | ) | |
| Defendant. | ) | |

_____

Before the Court is Defendant William Randall Collins's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed on filed on January 25, 2019. Doc. No. 289. Following remand from the Eighth Circuit Court of Appeals, the Government responded to the merits of the motion on February 1, 2021. Doc. No. 323. Collins filed a reply on March 23, 2021. Doc. No. 329.

On July 22, 2021, the Court held an evidentiary hearing on Collins's motion, which was continued to, and concluded on, August 3, 2021. Doc. Nos. 332, 336. The parties submitted post-hearing briefs on November 19, 2021. Doc. Nos. 341, 342. For the reasons below, the motion is denied.

## I.      **BACKGROUND**

On May 26, 2009, Collins robbed a bank in Gilby, North Dakota, with a sawed-off shotgun. Doc. No. 309. He pleaded guilty to (1) bank robbery, in violation of 18 U.S.C. § 2113(a); (2) use and carry of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. Nos. 121, 309. The Court determined that Collins qualified for an enhanced sentence under the Armed Career Criminal Act ("ACCA"). See 18 U.S.C. § 924(e). On December 2, 2010, the Court imposed concurrent 235-month sentences on the bank robbery and felon in possession offenses and a mandatory consecutive 84-month sentence on the § 924(c) charge. Doc. No. 162. Collins did not pursue a direct appeal.

More than five years later, Collins moved to vacate his sentence under 28 U.S.C. § 2255. Doc. No. 240. The motion relied on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551 (2015), which invalidated the ACCA's residual clause as unconstitutionally vague. Collins contended that he no longer met the criteria for an ACCA enhancement and that his § 924(c) conviction rested on similarly vague statutory language. The Court agreed with the first argument but rejected the second. Doc. No. 269. Accordingly, the Court set the matter for a resentencing hearing. Id.

Prior to resentencing, Collins, through then Federal Public Defender ("FPD") Neil Fulton, filed a "protective notice of appeal to ensure that his appeal from the district court's order denying relief on his § 924(c) claim is deemed timely." Doc. No. 272. The Eighth Circuit Court of Appeals remanded with instructions to rule on a certificate of appealability. Collins v. United States, No. 18-1004 (8th Cir. Jan. 2, 2018). Collins subsequently moved for a certificate of appealability on the § 924(c) claim and requested the motion be held in abeyance until resentencing. Doc. Nos.

275, 276. From that point forward, then Assistant Federal Public Defender Wm Dane DeKrey assumed the representation of Collins. Doc. No. 270. Assistant Federal Public Defender Rachael Steenholdt worked on Collins's resentencing as well.[1]

On January 22, 2018, the day the resentencing hearing had been scheduled for, the parties filed a stipulation with the district court for a new sentence. Doc. No. 279. The stipulation proposed reduced concurrent sentences of 125 months on the bank robbery and felon in possession charges and left the consecutive 84-month sentence on the § 924(c) offense unchanged. Id. Collins consented to waive his right to a resentencing hearing. Id. The Court adopted the stipulation that morning and directed entry of an amended judgment. Doc. No. 280. The Clerk of Court entered an amended judgment consistent with the stipulation on January 24, 2018. Doc. No. 281.

The next day, chambers of the presiding judge sent an email to DeKrey and the prosecutor, then First Assistant United States Attorney Keith Reisenauer. Doc. No. 324-1. The email requested clarification as to whether the stipulation resolved the motion for a certificate of appealability on the § 924(c) claim. Id. Reisenauer responded, "This should resolve all claims. Otherwise the United States would not have entered into that stipulation." Id. DeKrey responded to the email on January 30, 2018, indicating it was the position of Collins that the stipulation did not resolve the § 924(c) claim and that "Collins wants to appeal." Id. Chambers responded that the court intended to vacate its order adopting the original stipulation and the amended judgment and would set a date for resentencing. Id. After additional correspondence, chambers agreed to not enter the order until DeKrey could speak with Collins and the United States. Id.

---

[1] Notably, Collins's ineffective assistance of counsel claim is as to DeKrey only, and not Steenholdt.

According to DeKrey, he then met with Collins on January 31, 2018 to discuss a new stipulation. Doc. No. 338, p. 81; Doc. No. 324-3. Collins was upset and felt it was unfair that he had signed off on an agreement and now the terms of the agreement and stipulation were changing. Doc. No. 338, pp. 82-84. Part of the reason Collins was upset was because DeKrey and Steenholdt proposed dismissing the pending § 924(c) claim and appeal. Id., pp. 19-20.

After meeting with Collins, DeKrey went to meet with Reisenauer. DeKrey recounted that it was a "tough" negotiation. Doc. No. 338, p. 83. DeKrey tried to convince Reisenauer to go to the middle of the recalculated advisory guidelines range and pointed out that Collins still had a "really significant sentence." Id., p. 84. However, Reisenauer refused to consider that offer, and instead only offered the original recommendation of a stipulation for a sentence at the high end of the revised advisory guideline range if Collins dropped his § 924(c) claim and appeal. Id.

The next day, DeKrey followed up with the district court and asked for additional time to reach a resolution, which the court agreed to. Doc. No. 324-2. Eventually, on February 1, 2018, DeKrey, Steenholdt, and Reisenauer met to discuss a stipulation, but Reisenauer's position remained unchanged. Doc. No. 338, p. 86. Steendholdt then met with Collins to relay Reisenauer's resentencing offer, which Collins "adamantly rejected." Doc. No. 339, pp. 22-23.

During the February 1, 2018 meeting, Reisenauer had suggested that he, DeKrey, Steenholdt, and Collins meet in person. Doc. No. 338, p. 86. DeKrey recalled that this was an unusual suggestion, as he never had met with a client with an Assistant United States Attorney present. Id., pp. 88-89. After internally discussing the idea from Reisenauer, DeKrey and Steenholdt agreed it would be worth a try. Id. On February 5, 2018, Reisenauer, DeKrey, Steenholdt, and Collins met in person at the Cass County Jail. Doc. No. 324; Doc. No. 324-3. Prior

Reisenauer joining, DeKrey, Steenholdt, and Collins met, and DeKrey and Steenholdt told Collins they would stand behind whatever decision he made. Doc. No. 339, p. 25.

When Reisenauer joined the meeting, DeKrey introduced everyone and let Reisenauer speak first. Doc. No. 338, pp. 90-91. According to DeKrey, Reisenauer made his position "abundantly clear," that, without a stipulation, he would argue for a much high sentence and believed he would get it. Id. To that end, DeKrey recalled Reisenauer referencing the underlying facts of the robbery that would justify a high sentence. Id. He also recalled that Reisenauer made clear the only deal he would offer was a recommendation of a sentence at the high end of the advisory guidelines range, and Collins would drop his pending § 924(c) claim and appeal. Id.

DeKrey and Steenholdt both testified that Collins was surprisingly responsive to Reisenauer and his offer. Id. By the end of the meeting, Collins agreed to Reisenauer's offer and agreed to drop his § 924(c) claim and appeal in exchange for the same sentence recommendation from the United States. Id., p. 92; Doc. No. 324-2. When Reisenauer left, DeKrey and Steenholdt again met with Collins. Doc. No. 338, pp. 92-93. DeKrey explained that he walked Collins through the stipulation again to ensure he understood it. Id. As a part of that conversation, DeKrey told Collins that he was getting the same sentence, but "if we do this, we drop the 924(c). We don't appeal it." Id. DeKrey also reminded Collins he did not have to agree to the deal and did not pressure him to take it. Id. Steenholdt said the same to Collins, and they left the final decision up to Collins. Doc. No. 339, p. 26.

Collins ultimately made the decision to accept Reisenauer's offer and the amended stipulation. Doc. No. 338, p. 93. Collins said Reisenauer was very clear that if Collins did not agree to a new deal, he would seek an upward departure at resentencing. Id., pp. 39-40. Collins testified that he "didn't want to go through with that upward departure thing." Id., pp. 21-22. As to an

appeal, Collins testified that he asked DeKrey after the meeting with Reisenauer if he could appeal. Doc. No. 338, pp. 40-41. According to Collins:

> I just asked him a simple question. I said: Look, we can appeal this right? He says no. I said: Well, I want to appeal. <u>No, I said: Okay, Then drop it</u>. We'll go to something else. We'll try something else.

<u>Id.</u> (emphasis added). Collins confirmed this was the only conversation he had with DeKrey that discussed an appeal. DeKrey testified, "Collins did not ask me or say anything about an appeal." Doc. No. 338, pp. 93-94. Steenholdt also testified that Collins never expressed an intent to file an appeal at any point during that meeting. Doc. No. 339, pp. 26-27.

On February 13, 2018, DeKrey met with Collins to execute an amended stipulation. Doc. No. 338, p. 94-95; Doc. No. 324-3. DeKrey reviewed the terms of the amended stipulation with Collins, and Collins did not express any desire to file an appeal. <u>Id.</u> Collins and DeKrey then executed the amended stipulation. <u>Id.</u> However, after Collins and DeKrey had signed the amended stipulation, Reisenauer made several edits to the stipulation. <u>Id.</u>, pp. 97-98. Thus, DeKrey met with Collins again on February 22, 2018 to go over the revised amended stipulation. <u>Id.</u> DeKrey explained the changes and reminded Collins of the terms and effects of the stipulation. <u>Id.</u> Collins signed the amended stipulation again. <u>Id.</u> DeKrey testified that Collins did not direct him to file any appeal. <u>Id.</u>

The amended stipulation was filed on February 23, 2018. Doc. No. 282. Effectively, in exchange for dismissing his § 924(c) claim and appeal, the parties agreed to the same sentence in the original stipulation: 125 months on counts one and four to run concurrently, with 84 months on count two to run consecutively. <u>Id.</u> The court adopted the stipulation but did not enter an amended judgment after consulting with the parties. Doc. No. 283.

On March 2, 2018, Collins met with DeKrey and signed a consent to dismiss his pending § 924(c) appeal. Doc. No. 338, pp. 100-01; Doc. No. 324-3.  Collins did not direct DeKrey to file an appeal during this meeting. Id. On March 6, 2018, the FPD filed a motion to dismiss the appeal, along with Collins's consent to dismiss the appeal. Collins, No. 18-1004 (8th Cir. Mar. 6, 2018). The Eighth Circuit Court of Appeals entered a judgment dismissing the appeal the same day. Id.

In April 2018, Collins wrote a letter to DeKrey and Steenholdt, thanking them for their work on his case and acknowledged he "did the right thing" by dropping his appeal and letting other cases "push the issue." Doc. No. 323-3. Collins praised DeKrey and Steenholdt for their work and legal knowledge and asked to keep in touch with them in the future. Id.

## II.   **DISCUSSION**

A motion under 28 U.S.C. § 2255 affords relief "in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." Raymond v. United States, 933 F.3d 988, 991 (8th Cir. 2019) (citing 28 U.S.C. § 2255(b)). "Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Fletcher v. United States, 858 F.3d 501, 505 (8th Cir. 2017) (quoting Jennings v. United States, 696 F.3d 759, 762 (8th Cir. 2012)). An evidentiary hearing is required unless the allegations in the motion are inherently incredible, contradicted by the record, merely conclusory, or would not entitle the petitioner to relief even if true. Roundtree v. United States, 751 F.3d 923, 926-27 (8th Cir. 2014). The movant bears the burden to demonstrate an entitlement to relief.  Golinveaux v. United States, 915 F.3d 564, 567 (8th Cir. 2019).

The Sixth Amendment guarantees a defendant the effective assistance of counsel at critical stages of a criminal proceeding. Lafler v. Cooper, 566 U.S. 156, 165 (2012). To obtain relief on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test announced

in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). First, a petitioner must establish constitutionally deficient representation, meaning counsel's performance fell below an objective standard of reasonableness. <u>Harrington v. Richter</u>, 562 U.S. 86, 104 (2011). Second, a petitioner must demonstrate that prejudice resulted from the deficient representation. <u>Wiggins v. Smith</u>, 539 U.S. 510, 534 (2003).

Collins's remaining § 2255 claim asserts that DeKrey failed to file a requested notice of appeal from the amended judgment. If so, that would constitute deficient performance because "a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." <u>Roe v. Flores-Ortega</u>, 528 U.S. 470, 477 (2000). Nonetheless, "[a] bare assertion by the petitioner that he made a request is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary proposition." <u>Walking Eagle v. United States</u>, 742 F.3d 1079, 1082 (8th Cir. 2014) (cleaned up). When counsel fails to file a notice of appeal as directed, "prejudice is presumed because the defendant has forfeited his right to an appellate proceeding as a result of his counsel's error." <u>Watson v. United States</u>, 493 F.3d 960, 963-64 (8th Cir. 2007) (citing <u>Flores-Ortega</u>, 528 U.S. at 483-84). Likelihood of success on appeal is irrelevant to the prejudice inquiry. <u>Barger v. United States</u>, 204 F.3d 1180, 1182 (8th Cir. 2000).

At the evidentiary hearing, the Court heard conflicting testimony from Collins, on the one hand, and DeKrey and Steenholdt, on the other. <u>See</u> Doc. No. 160. Collins testified that he instructed DeKrey to file a notice of appeal, though he was unable to specifically recall when such conversation took place. <u>See</u> Doc. No. 388. Collins also testified that he felt he was struck between a "rock and a steel grid" when the original stipulation fell through. <u>Id.</u>, p. 21. However, ultimately, Collins admitted he accepted the resentencing offer from Reisenauer to avoid the possibility of an

upward departure from the revised advisory guideline range, though he characterizes his acceptance as "bowing out gracefully." <u>Id.</u>, pp. 9-23.

Meanwhile, DeKrey testified that he graduated from law school in 2016 and joined the FPD as an Assistant Federal Public Defender in the fall of 2016. <u>Id.</u>, pp. 58-59. Prior to joining FPD, he had worked for two law firms. <u>Id.</u> Steenholdt testified that she joined the FPD in 2015 as a Research and Writing Specialist, which is a position that largely focuses on appellate work. Doc. No. 339, pp. 5-6. She previously worked at Advocates for Human Rights in Minneapolis, Minnesota and is now an Assistant Federal Public Defender. <u>Id.</u>

DeKrey and Steenholdt both testified that Collins did not instruct them to file a notice of appeal from the amended judgment. <u>See generally</u> Doc. Nos. 338, 339. In describing their meetings and discussions with Collins, DeKrey and Steenholdt were clear and consistent that the § 924(c) claim and appeal was the critical issue with the stipulation and resentencing and was the sole reason the original stipulation fell through. <u>Id.</u> They were also clear and consistent in explaining to Collins the risk of rejecting Reisenauer's resentencing offer. <u>Id.</u> Both DeKrey and Steenholdt recalled that Collins was surprisingly responsive to Reisenauer when the four of them met at the Cass County Jail, and both recalled that Collins agreed to accepted Reisenauer's resentencing offer and withdraw his § 924(c) claim and appeal. <u>Id.</u>

Having observed the witnesses, the Court credits DeKrey's and Steenholdt's testimony, particularly considering the record evidence supporting their testimony. When distilled to its core, Collins's testimony offered nothing more than inconsistent testimony that he instructed DeKrey and Steenholdt to appeal the amended judgment. To be sure, Collins was understandably upset when the original stipulation was withdrawn. But that alone is not enough to evince an intent to appeal. <u>See</u> <u>Green v. United States</u>, 323 F.3d 1100, 1104 (8th Cir. 2003). Significantly here, the

record is quite clear that the sole reason the original stipulation was withdrawn was because of Collins's outstanding § 924(c) claim and appeal. Collins's decision to accept Reisenauer's resentencing offer and to execute the amended stipulation, along with his decision to sign the consent to dismiss the § 924(c) appeal in the Eighth Circuit, supports that he understood his § 924(c) claim was waived and that he was unable to appeal.

Moreover, Collins offered no specific testimony or evidence that he instructed DeKrey and Steenholdt to file a notice of appeal. To the contrary, Collins admitted he did not direct DeKrey to file an appeal. Specifically, Collins testified:

> I just asked him a simple question. I said: Look, we can appeal this, right? He says no. I said: Well, I want to appeal. <u>No, I said, Okay, Then drop it.</u> We'll go to something else. We'll try something else.

Doc. No. 338, pp. 40-41 (emphasis added). Additionally, Collins's subsequent actions corroborate his admission. After executing the amended stipulation, Collins, in the April 2018 letter, thanked DeKrey and Steenholdt for their work and acknowledged that dropping the § 924(c) appeal was the right decision. <u>See</u> Doc. No. 323-3. Nowhere in that letter did Collins inquire about filing any appeal, the status of any appeal, or the outcome of any appeal. <u>Id.</u>

At the same time, the record and credible testimony from DeKrey and Steenholdt refute the remaining any arguments concerning coercion that Collins attempts to present. Although Collins suggests he was "bowing out gracefully" to appease Reisenauer, Collins's own actions and admissions prove otherwise. Collins agreed to accept Reisenauer's resentencing offer and knowingly signed the consent to withdraw his § 924(c) claim and appeal. After carefully assessing the testimony and the record evidence, the Court rejects Collins's assertion that he instructed DeKrey to file a notice of appeal. Accordingly, Collins has failed to establish any constitutionally

deficient representation, and as a result, his ineffective assistance of counsel claim must be denied. See Harrington, 562 U.S. at 104.

## III.    **CONCLUSION**

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Collins's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 289) is **DENIED**. This matter is hereby **DISMISSED WITH PREJUDICE** and without an evidentiary hearing. The Court certifies that an appeal from the denial of the motion may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). Based upon the entire record, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court will not issue a certificate of appealability. Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983); Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997). If Collins desires further review of his motion, he may request a certificate of appealability from a circuit judge of the Eighth Circuit Court of Appeals.

**IT IS SO ORDERED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 30th day of December, 2021.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court